## SECURITIES AND EXCHANGE COMMISSION

v.

## BIG D OIL & GAS COMPANY, INC., and Robert C. Duncan.

### Civ. A. No. CA 3–77–0440–C.

United States District Court,
N. D. Texas,
Dallas Division.

July 19, 1977.

Richard M. Hewitt, Mary Lou Felsman, and David A. Watson, Securities & Exchange Commission, Fort Worth, Tex., for plaintiff.

J. Richard Sanderson, Robert L. Yeager, III, Dallas, Tex., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

WILLIAM M. TAYLOR, Jr., District Judge.

This cause came on for hearing upon Plaintiff's Motion for Preliminary Injunction on April 28, 1977, and the Court having considered the affidavits and transcripts of testimony filed herein, makes the following findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

### Findings of Fact

1. Defendant BIG D OIL & GAS CO., INC., is a Texas corporation having its principal place of business in Dallas, Texas.

2. Defendant ROBERT C. DUNCAN is President and chief executive officer of BIG D OIL & GAS CO., INC.

3. Between December, 1974, and November, 1976, defendants organized and sold fractional undivided working interests in six (6) separate oil and gas lease "programs" to persons residing in various parts of the United States. The defendants' total investment group in such "programs" does not exceed 75 persons and most of these have purchased interests in more than one "program." None of the "programs" or offerings were registered under the Securities Act of 1933.

4. Following the initiation of a formal investigation by the Securities and Exchange Commission approximately two years ago, defendants voluntarily instituted remedial changes in the structure and direction of its programs including, among other things, the addition of audited financial statements in its program disclosure documents and decreased solicitation of investment outside of defendants' prior investment group.

5. There is no evidence of defendants' intent to violate the law in the offer and sale of fractional undivided working interests in question.

6. There is no proof of violations by the defendants in the offer and sale of any of the "programs."

7. The facts do not reveal any threat of future or recurrent violations of the law pending a trial on the merits.

### Conclusions of Law

1. The jurisdictional prerequisites to the filing of the action by the Securities and Exchange Commission have been met. Plaintiff has standing to maintain the instant action. 15 U.S.C. §§ 77t(b) and 77v(a).

2. Section 5 of the Securities Act of 1933 makes it unlawful to use the mails or facilities of interstate commerce to offer or sell a security unless a registration statement with respect to such security has been filed or is in effect with the Securities and Exchange Commission.

3. Section 4(2) of the Securities Act of 1933 expressly provides that the provisions of Section 5 (the registration requirements) of the Securities Act shall not apply to "transactions by an issuer not involving a public offering."

4. In order to obtain a preliminary injunction, the Securities and Exchange Commission must first clearly establish that there have been violations of the law.

5. In determining whether to grant injunctive relief in actions brought by the Securities and Exchange Commission, a court must determine whether there is a likelihood of recurrence of unlawful activity. A simple conclusion that illegal activity has occurred, without more, does not provide a proper basis for relief. *Securities and Exchange Commission v. American Realty Trust*, 429 F.Supp. 1148 (E.D.Va.1977).

6. While cessation of illegal activity does not deprive the Court of its power

to hear and decide the case, it is a factor to be considered in determining whether there exists a reasonable likelihood that wrongs will be repeated in the future. *Securities and Exchange Commission v. Koracorp Industries, Inc.*, CCH Fed.Sec.L.Rep. ¶ 95,532 (N.D.Cal.1976).

7. The Securities and Exchange Commission has failed to show that there exists a cognizable danger of recurrent violation, and therefore, has failed to make a proper showing for injunctive relief.